### RICHARDSON et al. v. HARLESS.
### (No. 6088.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1918. Rehearing Denied Dec. 11, 1918.)

APPEAL AND ERROR ⬉931(1) — REVIEW — JUDGMENT.

In deference to the trial court, the testimony of the successful party should be accepted as true by the appellate court.

Error from Bexar County Court; John H. Clark, Judge.

Action by Ben F. Harless against Mrs. J. D. Richardson and another, begun in justice court and appealed by defendants to the county court, and, from a judgment there for plaintiff, defendants bring error. Affirmed.

Gordon Bullitt, of San Antonio, for plaintiffs in error.

R. H. Ward, of San Antonio, for defendant in error.

MOURSUND, J. Defendant in error sued plaintiffs in error in justice's court of Harris county, and upon the sustaining of a plea of privilege the cause was transferred to the justice's court, precinct No. 1, of Bexar county. From a judgment in favor of plaintiffs in error, an appeal was taken by defendant in error, and judgment rendered in his favor in the county court. Defendant in error sued to recover a diamond ring or $115, its value, shipped by him to plaintiff in error Mrs. J. D. Richardson. Plaintiffs in error's answer, in so far as it is material to the assignments of error, was to the effect that Mrs. Richardson was not indebted to defendant in error in any amount; that the diamond ring was fully paid for by a chance purchase by her in a certain box sale, known and designated by defendant in error as the "Harless 2nd Diamond Box Sale," which was at that time carried on by defendant in error; that she paid the full amount of $5 demanded by defendant in error; that he accepted the same; and that the box containing the diamond ring was expressed to her in pursuance of said chance so purchased by her. They further alleged that said purchase and contract of purchase, and sale, was a lottery and chance agreement, and violated the statutory law of Texas, and that the contractual acts of defendant in error were therefore void.

Defendant in error replied to this pleading with a general denial.

The evidence discloses that in the Houston Post of June 5, 1914, defendant in error inserted an advertisement, of "Harless 2nd Diamond Box Sale," stating in substance that boxes would contain articles that are regular $5 values, in addition to scores of other articles worth up to $395, many of which were enumerated. Mrs. Richardson, on June 5, 1914, sent defendant in error a money order for $5 for "one of Harless 2nd Diamond Box sale" Saturday June 6th. She stated that he should send contents of diamond box by "sealed express," and that, "You may return money order if your sales are not made by mail." Defendant in error received this letter and expressed to Mrs. Richardson a diamond ring, writing her that he was shipping her the ring on approval, and that he would make her a special price on same of $115; that he thought it was as fine a stone as the one he sold her

in San Antonio. He received no reply, and on June 15th wrote her again. On June 16th, he sent her a draft for $5, and asked that the ring be returned by return mail. On the same day he talked to her over the telephone and asked her what she was going to do about the ring. She said that she did not know whether she would return it or pay for it; that her husband was going to Galveston in a few days and would come by and see about it. The draft was returned in a letter by Mrs. Richardson. On June 24th, defendant in error wrote Mr. Richardson, asking for the ring or the money, and stating that he had made the price very plain when he shipped the ring. Finally, Mrs. Richardson told him she intended to keep the ring; that she had paid for it. Defendant in error testified the box sale was declared off, after the chief of police had notified him it would constitute a violation of law, and that he did not ship the ring to Mrs. Richardson in pursuance of the advertisement, but shipped it on approval. Mrs. Richardson testified she did not receive the letter of June 6th, but received those dated June 15th and 16th.

Plaintiffs in error contend: (1) That the evidence conclusively shows a completed contract of sale to Mrs. Richardson of the ring for $5; (2) that the ring was sent pursuant to a "lottery or chance" transaction, in violation of law, and that he cannot take advantage of his violation of the law, and therefore is not entitled to recover.

Taking defendant in error's testimony to be true, which must be done in deference to the judgment of the trial court, it appears that he did not accept the $5 in payment of a box in the lottery, if it was a lottery; that in fact the box sale scheme had been abandoned. Even if her letter be considered as an acceptance of his advertised offer, and as making a contract for a box in the sale, the fact that he failed to comply with such contract would not authorize a judgment depriving him of property he offered to sell her at a certain price. If the scheme was unlawful, as contended by plaintiffs in error, they would be unable to enforce the compliance of defendant in error with his offer to send a box. The minds of the parties never met on a contract by which defendant in error was to sell Mrs. Richardson the diamond ring in question for $5. The ring was sent to her on approval at a price of $115, which is not strange in view of statements in her letter concerning a former purchase of a diamond ring from him. She declined to pay the price, but refused to return the ring. Defendant in error did not send the ring pursuant to any sale conducted on the lottery plan, nor does he rely upon any such sale to recover. It therefore appears there is no merit in either of the contentions made by plaintiffs in error.

Judgment affirmed.